Filed 12/16/14  P. v. Johnson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR LEE JOHNSON,<br><br>    Defendant and Appellant. | B257322<br><br>(Los Angeles County<br>Super. Ct. No. NA033342) |

THE COURT:*

Defendant and appellant Arthur Lee Johnson (defendant) appeals the denial of his postjudgment motion for additional custody credits.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On September 29, 2014, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

In 1999, after defendant appealed from a judgment under which he was sentenced to three consecutive prison terms of 25 years to life under the "Three Strikes" law, this court remanded the matter to the trial court to exercise its discretion whether to vacate

_____

*       BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

one or more of defendant's prior strike convictions. In 2000, the trial court declined to vacate prior strikes and ordered that the previous sentence remain in full force and effect. In 2001, this court affirmed the judgment and rejected defendant's request to order the trial court to recalculate defendant's custody credits to include the time he spent in prison and jail awaiting resentencing, as defendant had not made his request to the trial court in the first instance.

In 2014, defendant brought a pro. per. motion in superior court requesting recalculation of his presentence custody credits to include the 25 actual days he spent in the custody of the Los Angeles Sheriff's Department awaiting resentencing. His supporting exhibit showed that in 1998, defendant was delivered into the custody of the Department of Corrections, transported to superior court for resentencing on March 29, 2000, and returned to prison on April 24, 2000. Defendant claimed that he was entitled to additional credits under Penal Code section 2900.1 and the reasoning of *People v. Buckhalter* (2001) 26 Cal.4th 20. The superior court denied the motion on June 6, 2014, and defendant filed a timely notice of appeal. The superior court did not err. As defendant remained in the actual or constructive custody of the Department of Corrections at all times, and failed to demonstrate that his sentence had been declared invalid or modified, it is the Department of Corrections and Rehabilitation, not the superior court, that is responsible for calculating credit for the period in question. (*Id*. at pp. 23, 27-30; see Pen. Code, § 2930 et seq.)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order of the superior court is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

2